IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATELYN CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00056-ALM |
| | § | |
| JASPER MAX GURLEY and | § | |
| SWIFT TRANSPORTATION CO OF | § | |
| ARIZONA, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Katelyn Clark and files this her Complaint complaining of Jasper Max Gurley and Swift Transportation Co of Arizona, LLC, Defendants and for cause of action would respectfully show the following:

**I.**
**PARTIES AND VENUE**

1.01    Plaintiff, KATELYN CLARK, is an individual who is a citizen of Denton County, Texas.

1.02    Defendant, JASPER MAX GURLEY, is a South Carolina citizen and has appeared in this matter.

1.03    Defendant, SWIFT TRANSPORTATION CO OF ARIZONA, LLC, is a limited liability company doing business in the State of Texas and is a citizen of Arizona and Delaware and has appeared in this matter.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**                    **Page 1**

1.04   Venue is proper in the Eastern District of Texas because the collision made the basis of this lawsuit occurred in the Eastern District of Texas. (28 U.S.C. § 1391).  All damages sought by Plaintiff are within the jurisdictional limits of this Court.

## II.
### STATEMENT OF DAMAGES

2.01   To obtain evidence in this case, Plaintiff is forced to state an amount of monetary relief that she is seeking.  Plaintiff prefers to have the trier of fact determine the fair amount of compensation for Plaintiff's damages, and it is early in the case to be assessing the full nature and scope of Plaintiff's injuries.  Plaintiff places the decision regarding the amount of compensation to be awarded in the hands of the jury.

2.02   With that background, as a proximate result of the conduct of Defendants, Plaintiff seeks damages of more than $1,000,000.  The actual amount awarded is within the sound discretion of the jury.

## III.
### FACTS

3.01   On November 18, 2024, at approximately 9:30 a.m., Ms. Clark was traveling westbound on Airport Road (FM 1515) near the 3200 block in Denton, Texas. Defendant Gurley was operating his vehicle at an excessive speed for the wet roadway conditions and lost control as he approached a turn, causing his 18-wheeler to jackknife. The jackknifed 18-wheeler left its lane of travel, crossed over into oncoming traffic, and continued off the roadway, striking Plaintiff's vehicle. Plaintiff observed the 18-wheeler jackknife as it entered the turn and attempted to avoid the collision by steering right and off the roadway. Unfortunately, the 18-wheeler was traveling at such a high rate of speed that it also left the roadway and crashed into Plaintiff's vehicle. As a result of the collision, Plaintiff sustained injuries to her head, neck, and back, as described herein.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**                              **Page 2**

3.02    As a direct and proximate result thereof, Plaintiff sustained physical injuries to her thoracic spine, lumbar spine and head and other damages which are set forth in more detail below.

**IV.**
**NEGLIGENCE AND GROSS NEGLIGENCE**

4.01    Defendant Gurley was negligent and grossly negligent, as defined by Texas law, in the following respects, among others: by failing to keep a proper look; by failing to control his speed; by failing to timely apply his brakes; driver inattention and distraction; by failing to maintain a safe and clear distance; by driving his vehicle into Plaintiff's vehicle; by failing to operate his vehicle in an ordinary and prudent manner.  When Defendant Gurley was driving into the turn on the wet road at a speed that was too fast for the wet conditions, Defendant Gurley had subjective awareness of the risk of causing a crash with an oncoming vehicle, like Plaintiff's vehicle, and proceeded with conscious indifference to the rights, safety and welfare of others on the roadway, including Plaintiff.

4.02    Defendant Swift Transportation Co of Arizona, LLC was negligent and grossly negligent, as defined by Texas law, in the hiring, training and supervision of Defendant Gurley. Defendant Swift Transportation Co of Arizona, LLC was reckless in employing and supervising Defendant Gurley.  At the time of the collision, Defendant was employed by Swift Transportation Co of Arizona, LLC.  It is believed that Defendant Gurley was given instructions on where to drive, and when to arrive, from his employer at the time of Collision.  It is believed that Defendant Gurley was unfit to drive on the day of the collision.  It is believed Defendant Swift Transportation Co of Arizona, LLC knew, or should have known, of the incompetence of Defendant Gurley and said incompetence would have been discovered if Defendant Swift Transportation Co of Arizona, LLC had properly investigated the driving qualifications of Defendant Gurley prior to allowing him on the roadway and properly supervised Defendant Gurley.

4.03    Defendant Gurley was a statutory employee of Defendant Swift Transportation Co of Arizona, LLC at the time of the collision.

4.04    As a direct and proximate result of Defendants aforementioned actions and omissions, Plaintiff has sustained severe and permanent physical injuries and other damages set forth in more detail below.

## V.
### RESPONDEAT SUPERIOR

5.01    At the time of the collision, it is believed that Defendant Gurley was working in the course and scope of his employment with Defendant Swift Transportation Co of Arizona, LLC. As a result, Defendant Swift Transportation Co of Arizona, LLC is responsible for the damages to Plaintiff under the theory of respondeat superior.

## VI.
### DAMAGES TO PLAINTIFF

6.01    As a direct and proximate result of the negligence of Defendants, Plaintiff suffered injuries to her head, neck and back, among other areas of her body.

6.02    As a proximate result thereof, Plaintiff has incurred and suffered the following damages for which she seeks recovery.

    a.    medical expenses in the past and future;

    b.    impairment in the past and future;

    c.    pain, suffering and mental anguish in the past;

    d.    pain, suffering and mental anguish in the future;

    e.    prejudgment and postjudgment interest;

    f.    costs of suit and exemplary damages;

    g.    all other relief, in law and in equity, to which Plaintiff may be entitled.

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**                    **Page 4**

## VII.
### INTENT TO USE DEFENDANTS' DOCUMENTS

7.01    Any document produced by Defendants in response to written discovery will be used by Plaintiff at any pretrial proceeding or trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein and upon final trial hereof, she take, have and recover, of and from said Defendants, the above damages, costs of court, exemplary damages, pre-judgment interest, post-judgment interest, and for such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF EDWARD W. SAMPSON, PC**

Edward W. Sampson
State Bar No. 90001985
10000 N. Central Expressway, Suite 280
Dallas, Texas 75231
(214) 880-1789
(214) 220-1233 (facsimile)
sampsonefile@gmail.com

and

Yvette Diaz
Texas Bar No. 24092345
**FREESE & GOSS, PLLC**
3500 Maple Ave., Ste. 1100
Dallas, TX 75219
Telephone: (214) 761-6610
Facsimile: (214) 761-6688
Email: yvette@freeseandgoss.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**                                                    **Page 5**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record indicated below via the Court's electronic filing system on February 19, 2026 pursuant to the Federal Rules of Civil Procedure:

Mike H. Bassett
Emily A. Seale
The Bassett Firm
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219

Edward W. Sampson